891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis OWENS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-third-party-plaintiff-Appellee,
v.
GUY F. ATKINSON CO., Third-party defendant-Appellee.
 No. 87-2949.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 8, 1989.
 
 Before WILLIAM A. NORRIS, DAVID R. THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Owens appeals from the district court's entry of judgment in favor of the government on his Federal Tort Claims Act case, arguing that the trial court erred by (1) failing to render a decision for some four years; (2) excluding a rebuttal witness' testimony; and (3) concluding that the "peculiar risk" doctrine did not apply to the facts of his claim. We disagree with each of these positions and affirm the district court.
 
 
 3
 With reference to the appellant's first argument, we note that he has neither alleged nor shown that his trial was conducted unfairly, and our careful review of the record has failed to disclose any unfairness. Moreover, Owens has failed to show just how he was prejudiced by the district court's extraordinary delay in deciding his case. Finally, despite the appellant's contention that he tried to get the trial judge to issue a ruling in his action, nothing in the record or on the docket sheet indicates that any such efforts were made. Under these facts, we conclude that, "[w]hile we are not prepared to say that under no circumstances would undue delay be unavailable as a ground for [reversal or a] new trial, we are satisfied that such a drastic measure is not warranted here." Natural Resources, Inc. v. Wineberg, 349 F.2d 685, 692 (9th Cir.1965), cert. denied, 382 U.S. 1010 (1966).[1]
 
 
 4
 We also disagree with Owens' second contention. The facts of this case do not support his argument that the trial court expected him to anticipate and, in effect, to rebut in advance the government's defense that using hydraulic jacks instead of the mechanical jacks would have been impractical. The appellant touched on this subject throughout the presentation of his case-in-chief, and cannot claim to have been surprised by the defense's arguments on this score. Absent a showing of prejudice, we conclude that the district court did not abuse its discretion by deciding to exclude the rebuttal witness' testimony. See United States v. Komisaruk, No. 88-5021, slip op. at 10780 (9th Cir. Sept. 5, 1989) (as amended); Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988).
 
 
 5
 Owens' final argument is that the so-called "peculiar risk" doctrine applies to the facts of this case, and the district court erred by holding to the contrary. This contention also lacks merit.
 
 
 6
 The peculiar risk doctrine is an exception to the general rule that one who employs an independent contractor is ordinarily not liable in damages for injuries attributable to the negligence of that contractor or the contractor's employees. Under this doctrine, a peculiar risk is deemed to be one
 
 
 7
 which is peculiar to the work to be done and arises out of its character or the place where it is to be done.... "Peculiar" does not mean that the risk must be one which is abnormal to the type of work done, or that it must be an abnormally great risk. It has reference only to a special, recognizable danger arising out of the work itself.
 
 
 8
 Jimenez v. Pacific Western Constr. Co., 185 Cal.App.3d 102, 109, 229 Cal.Rptr. 575, 578 (1986) (citation and quotation omitted).
 
 
 9
 The record shows that the appellant's injuries were the direct result of the putatively negligent operation of a simple mechanical jack. While it may very well be that many if not most aspects of tunnel mining are inherently dangerous, it cannot be said that the risks associated with the use of a mechanical jack are peculiar to that occupation.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In holding as we do, we do not mean to condone the district court's lengthy and unreasonable delay in deciding this matter. We hold only that a reversal or remand for a new trial in this case would serve neither the ends of justice nor the interests of judicial economy